**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02541-PAB-STV

MICHELE RODRIGUEZ,

      Plaintiff,

v.

WAYLON LOLOTAI,
OFFICER HER,
JOHN DOE PARAMEDICS,
JOHN DOE PARAMEDICS' EMPLOYER,
CITY OF BOULDER, COLORADO,
BOULDER COUNTY DISTRICT ATTORNEY'S OFFICE,

      Defendants.

---

## RESPONSE TO ORDER TO SHOW CAUSE

On March 28, 2022, this Court ordered Plaintiff Michele Rodriguez ("Plaintiff" or "Ms. Rodriguez") to show cause why her third claim against the John Doe paramedics and their employer should not be dismissed without prejudice for failure to timely serve the Complaint upon those Defendants. *See* Order, ECF No. 46 at 35. The response thereto is as follows.

### BACKGROUND

On August 24, 2020, Ms. Rodriguez, through her previous counsel, filed her Complaint. Compl., ECF No. 1. Ms. Rodriguez, who was subjected to an unjustified and unconstitutional arrest using excessive force by the Boulder Police Department,[1] brought claims against the

---

[1] Notably, Ms. Rodriguez's resisting arrest charge was dismissed by the Boulder district attorney and Ms. Rodriguez was acquitted by a jury of the charge of obstructing a police officer. *See* Compl., ECF No. 1 ¶¶ 34-35.

arresting officers, the Boulder County District Attorney's Office,[2] the City of Boulder, and the individual paramedics who sedated her on the scene and their employer. *Id.* at 1. Despite listing the John Doe Paramedics and their employer as Defendants in the case caption and including allegations supporting their liability in the Complaint, previous counsel inexplicably failed to serve these Defendants at the outset of this case. *Cf.* ECF Nos. 1-3, 1-4. 1-5, and 1-6 (summonses for the other four Defendants in this case).

Three months after Ms. Rodriguez's case was filed, the Boulder Police Department and Officers Her and Lolotai filed a pre-answer, pre-discovery Motion for Summary Judgment on November 9, 2020. Motion for Summary Judgment, ECF No. 23. This motion was fully briefed by December 14, 2020. *See* Response, ECF No. 26 (filed November 30, 2020); Reply, ECF No. 29 (filed December 14, 2020). On December 15, 2020, the presiding magistrate judge issued an order staying discovery until resolution of the Motion for Summary Judgment and vacating the scheduling conference in this case. Memorandum, ECF No. 33; Order, ECF No. 34. This Court granted the Boulder Defendants' Motion for Summary Judgment on March 28, 2022, dismissing Ms. Rodriguez's claims against these defendants with prejudice. *See* Order, ECF No. 46 at 34.

Throughout this time, Ms. Rodriguez was represented by Matthew Greife and S. Birk Baumgartner of Baumgartner Law, LLC. Although Mr. Baumgartner signed Ms. Rodriguez's Complaint, upon information and belief Mr. Greife was the sole attorney handling Ms. Rodriguez's case. Separate and apart from this case, on July 26, 2021, the Colorado Supreme Court suspended Mr. Greife from the practice of law for three years, effective August 30, 2021. *See* Advisory

---

[2] On October 23, 2020, Ms. Rodriguez voluntarily dismissed her claims against this Defendant with prejudice. *See* Notice of Voluntary Dismissal, ECF No. 18.

Notice, ECF No. 39.  Two major incidents formed the basis for Mr. Greife's suspension: a series of financial irregularities involving his maintenance of a client trust account and his failure to act with reasonable diligence when representing a client.  *See* **Ex. 1**, *People v. Matthew J. Greife* at 1. In this second incident, Mr. Greife agreed to prepare and file a bankruptcy petition for a couple and accepted their fees in 2017.  *Id.*  Over the next two years, the couple corresponded with Mr. Greife and they provided almost all necessary documentation by early 2019.  *Id.*  For approximately the next year, the couple attempted to contact Mr. Greife repeatedly, even stopping by his office on multiple occasions.  *Id.*  Mr. Greife never responded, never filed their bankruptcy petition, and never refunded their fees.  *Id.*  "Through this conduct, Greife violated Colo. RPC 1.3 (a lawyer shall act with reasonable diligence when representing a client); Colo. RPC 1.4(a)(2) (a lawyer shall reasonably consult with a client about the means by which the client's objectives are to be accomplished); Colo. RPC 1.4(a)(3) (a lawyer shall keep a client reasonably informed about the status of the matter); [and] Colo. RPC 1.4(a)(4) (a lawyer shall promptly comply with reasonable requests for information)[.]"  *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"The Tenth Circuit has interpreted 'good cause' narrowly, and inadvertence or ignorance of the rules is insufficient.  A plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule and must show something more than excusable neglect

to satisfy the good cause requirement." *Elide Fire USA Corp. v. Auto Fire Guard, LLC*, 2022 WL
672485, at *3 (D. Colo. Mar. 7, 2022) (internal citations and quotation marks omitted).

If a plaintiff cannot show good cause as described in Rule 4(m), "then the court proceeds
to the second step of the analysis and determines whether a permissive extension is warranted."
*Estate of Goodwin by and through Alvarado v. Connell*, 376 F. Supp. 3d 1133, 1144 (D. Colo.
2019). When considering whether to grant a permissive extension, "courts consider several
factors, including the complex requirements of multiple service, the plaintiff's pro se status, the
statute of limitations, the danger of prejudice to the defendant, and the length of the delay." *Id.* at
1153.

## ARGUMENT

Ms. Rodriguez concedes that she cannot show good cause for her failure to serve the John
Doe paramedics and their employer as contemplated by Rule 4(m). Ms. Rodriguez's former
counsel did not engage in "meticulous efforts" to serve these Defendants and appear to have merely
neglected to do so. Although Ms. Rodriguez was not aware of this failure of her previous counsel
and personally sought to vigorously pursue her claims against these Defendants, she acknowledges
that "[a] party is bound by the acts or omissions of [her] chosen counsel." *Vreeland v. Tiona*, 2021
WL 228073, at *4 (D. Colo. Jan. 22, 2021).

However, as this Court has previously noted, the failure to show good cause "does not end
the inquiry under Fed. R. Civ. P. 4(m)," as the Court must also consider whether a permissive
extension is appropriate. *See Estate of Goodwin*, 376 F. Supp. 3d at 1153. The relevant factors in
this case weigh in favor of granting such a permissive extension. First, the events underlying Ms.
Rodriguez's claims occurred on August 25, 2018. *See* Compl., ECF No. 1 ¶ 20. The Complaint

was filed on August 24, 2020, immediately prior to the expiration of the statute of limitations on Ms. Rodriguez's claims under 42 U.S.C. § 1983.  As a result, any dismissal of Ms. Rodriguez's claims would in effect be with prejudice as she would be unable to refile those claims in federal court.

Second, while Ms. Rodriguez was not technically *pro se* when the Complaint was filed and no service was made on the John Doe paramedics and their employer, it bears noting that Ms. Rodriguez's counsel at that time has since been suspended from the practice of law for failure to diligently represent his clients.  The purpose of considering whether a plaintiff is *pro se* is to take account of the complexity of the legal system from the position of a layman and make reasonable accommodations, when possible, for the excusable neglect of a plaintiff attempting to prosecute her claims on her own.  Here, Ms. Rodriguez retained an attorney to prosecute her claims, and without her knowledge that attorney failed to take necessary procedural steps that can be arcane to those outside the profession.  Ms. Rodriguez was not aware of any pending discipline against her attorney until the Court's October 11, 2021 notice regarding same.  *See* Advisory Notice, ECF No. 39.  Excusable neglect does not constitute good cause for failing to timely serve a defendant, but Ms. Rodriguez's situation here raises many of the same issues underlying the consideration of a plaintiff's *pro se* status in determining whether to grant a permissive extension.  At the least, Ms. Rodriguez's *pro se* status should be taken into account when assessing the additional delay in service from this Court's March 28, 2022 Order to Show Cause to the present, given that this time period has been occupied by questions regarding Ms. Rodriguez's need for *pro bono* counsel.  *Cf. Espinoza v. United States*, 52 F.3d 838, 842 n.8 (10th Cir. 1995) ("With regard to pro se plaintiffs, we are compelled to note an additional consideration that should factor into district courts'

determinations under Rule 4(m): 'The district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition.' Fed.R.Civ.P. 4(m) advisory committee's note.").

Third, there is little risk of prejudice to the defendants in question as almost no progress has been made in this case besides the Boulder Defendants' Motion for Summary Judgment. As noted above, that motion was filed prior to any responsive pleadings and prior to the exchange of any discovery in this case. Often, when courts conclude that granting an extension to serve defendants would cause prejudice or unduly delay a case, it is because the new defendants would enter the case after substantial discovery had occurred or because adding new defendants would bring the existing proceedings to a standstill. *See, e.g.*, *Vreeland v. Tiona*, 2020 WL 8408478, at *6 (D. Colo. Oct. 14, 2020) ("To allow more time for service and to bring in new defendants at this time would bring the proceedings to a standstill. These new defendants would be entitled to time for answering as well as discovery. The Court and Parties would be confronted with the possibility of restarting discovery or engaging in the same discovery twice."). This case presents no such dangers, as the Boulder Defendants have been dismissed with prejudice and there has been no discovery to date. While the delay in serving the John Doe paramedics and their employer is regrettable, it will have essentially no effect on the evaluation of Ms. Rodriguez's claims against them. Ms. Rodriguez already possesses the primary evidence that may have been lost over the intervening period, the video depicting her treatment by these Defendants.

Finally, it is worth noting that since the initial filing of her Complaint, Ms. Rodriguez has learned the identity and business address of the John Doe paramedics' employer, American

Medical Response, Inc., d/b/a AMR.  With this information, she can promptly effectuate service (and substitute the party) should this Court grant her a permissive extension to do so.

## CONCLUSION

For the reasons set forth above, Ms. Rodriguez respectfully requests that the Court grant her a permissive extension to serve her Complaint upon the John Doe paramedics.

DATED:  September 9, 2022.

Respectfully submitted,

*s/ Stephen Shaw*
Laura B. Wolf
Stephen Shaw
Spark Law Justice LLC
1312 17th St., Suite 569
Denver, CO 80202
(303) 802-5390
laura@spark-law.com
steve@spark-law.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 9th day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

       I hereby certify that I have e-mailed or served the foregoing document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Michele Rodriguez
Meshelly6818127@gmail.com


                                 *s/ Stephen Shaw*
                                 Stephen Shaw