IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02541-PAB-STV

MICHELE RODRIGUEZ,

    Plaintiff,

v.

JOHN DOE PARAMEDICS, and
JOHN DOE PARAMEDICS' EMPLOYER,

    Defendants.

---

**ORDER**

---

Magistrate Judge Scott T. Varholak

This matter is before the Court on [#82] Application to Proceed in District Court without Prepaying Fees or Costs and [#83] Motion for Appointment of Counsel, which were referred to this Court [##85]  The Court has carefully considered the Motions, the entire case file, and the applicable case law.  For the following reasons, the [#82] Application is **DENIED without prejudice** and the [#83] Motion is **GRANTED**.

In accordance with D.C.COLO.LAttyR 15 of the U.S. District Court's Local Rules, the Court hereby determines that Plaintiff merits appointment of counsel drawn from the Civil Pro Bono Panel for an appointment of limited representation.  This Court is satisfied that the following factors and considerations have been met:

    1) the nature and complexity of the action;

    2) the potential merit of the claims or defenses of the unrepresented parties;

3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and

4) the degree to which the interests of justice, including the benefits to the Court, will be served by appointment of counsel.

In reaching this decision, the Court notes several factors that support granting Plaintiff's Motion. Plaintiff's case is in a somewhat complicated procedural posture, with a recently discharged Order to Show Cause and an order allowing Plaintiff to proceed with a Rule 4(m) motion to serve Doe defendants. [#81] Moreover, until recently, Plaintiff was represented by counsel, [##59, 80] some of whom were appointed by this Court for limited representation, pending the outcome of the Order to Show Cause [#68]. Given the difficult circumstances surrounding the withdrawal of Plaintiff's initial counsel and the discharge of the Order to Show Cause after Plaintiff's appointed counsel's limited representation, this Court believes that the interests of justice are best served through the appointment of counsel. Such appointment will benefit the Court in assessing Plaintiff's ability to proceed with her suit. Finally, Plaintiff has previously submitted to this Court documentation demonstrating that she does not have the financial resources to obtain a new lawyer on her own, and her letter demonstrates that she has made efforts toward obtaining counsel by contacting the Federal Pro Se Clinic. [##64, 66 at 7] For these reasons, the court GRANTS the Motion.

The Court has further reviewed Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. [#82] However, Plaintiff previously paid the appropriate filing fee in this matter. [*See* ##1, 68] The Court thus construes Plaintiff's application as

providing evidence of her inability to hire an attorney, as is required for the appointment of counsel, and DENIES without prejudice the Motion to Proceed without Prepaying Fees.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's [#82] Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED without prejudice**.

2. Plaintiff's Motion for Counsel [#83] is **GRANTED**. The Clerk of the Court shall select, notify, and appoint counsel from the Civil Pro Bono Panel to represent Plaintiff in this civil matter.

3. Plaintiff is **ADVISED** that there is no guarantee that a member of the Civil Pro Bono Panel will undertake representation in this case, and Plaintiff remains responsible for all scheduled matters, including hearings, depositions and written discovery, motions, and trial, and for complying with the Federal Rules of Civil Procedure and the Local Rules of the Court.  Plaintiff additionally remains responsible for filing a timely Rule 4(m) motion.

DATED: September 22, 2022            BY THE COURT:

                                     s/Scott T. Varholak
                                     United States Magistrate Judge